Filed 2/5/25  P. v. Charles CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>FRANK CHARLES,<br><br>　　　　Defendant and Appellant. | A170300<br><br>(Alameda County<br>Super. Ct. No. 143842) |

Frank Charles appeals from an order summarily denying his Penal Code section 1172.6 petition, which sought to vacate his first degree murder and attempted murder convictions and resentencing thereafter.[1]  Relying on the jury instructions given at trial, he argues it was possible the jury found him guilty based on a theory of imputed malice.  We disagree and affirm.

## BACKGROUND

During Charles's 2003 trial, the jury was given several pattern instructions defining murder, malice aforethought, and identifying aiding and abetting principles.  The instructions noted each principal — "[p]ersons who are involved in [committing] a crime" — is "equally guilty," regardless of the extent or manner of their participation.  (CALJIC No. 3.00.)  Principals

---

[1] Undesignated statutory references are to the Penal Code.  Originally, this statute was numbered section 1170.95, but subsequent legislation renumbered it as section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  For ease of reference, we refer to the current numbering.

1

include those "who aid and abet the [commission] of the crime." (*Ibid*.) CALJIC No. 3.01 further explained that a "person aids and abets the [commission] of a crime when he . . . [¶] 1. With knowledge of the unlawful purpose of the perpetrator and [¶] 2. With the intent or purpose of committing or encouraging or facilitating the commission of the crime, and [¶] 3. By act or advice aids, promotes, encourages or instigates the commission of the crime."

For murder, the trial court instructed the jury that it must find a "human being was killed," and "the killing [was done with malice aforethought]." (CALJIC No. 8.10.)  Additional instructions defined "malice aforethought," noting that it may be express — "there is manifested an intention unlawfully to kill a human being" — or implied — "1. The killing resulted from an intentional act, [¶] 2. The natural consequences of the act are dangerous to human life, and [¶] 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life.]"  (CALJIC No. 8.11.)  Other instructions explained, "All murder which is perpetrated by any kind of willful, deliberate and premeditated killing with express malice aforethought is murder of the first degree."  (CALJIC No. 8.20.)  The court also instructed the jury on attempted murder, stating the prosecution must prove, among other things, "The person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being."  (CALJIC No. 8.66.)

The jury found Charles guilty of first degree murder, and that he was armed with a firearm in the offense but did not personally and intentionally discharge a firearm.  It also found him guilty of attempted murder, committed willfully, deliberately, and with premeditation.  In addition, it found he committed the attempted murder while armed with a firearm.  The

2

trial court sentenced Charles to life without the possibility of parole for the attempted murder conviction, and 25 years to life on the murder conviction.

In 2018, the Legislature declared "a person should be punished for his or her actions according to his or her own level of individual culpability." (Stats. 2018, ch. 1015, § 1.) It limited the scope of the felony-murder rule " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959; Stats. 2018, ch. 1015, § 1, subd. (f).) It also eliminated "natural and probable consequences liability for murder as it applies to aiding and abetting." (*Lewis*, at p. 957.) Additional legislation limited liability for attempted murder under the natural and probable consequences doctrine. (Stats. 2021, ch. 551, § 2.) As a result, a murder conviction requires a principal to act with malice aforethought. (§ 188, subd. (a)(3).) "Malice shall not be imputed to a person based solely on his or her participation in a crime." (*Ibid*.)

Those convicted of murder and attempted murder under the former law — where malice is imputed solely based on their participation in an underlying crime — may petition to vacate the conviction and for resentencing on the remaining counts if they could not currently be convicted under the laws as amended. (§ 1172.6, subd. (a).) In 2022, Charles filed a section 1172.6 petition. The court summarily denied it without issuing an order to show cause after concluding Charles did not make a prima facie case for resentencing relief.

# DISCUSSION

Charles contends the trial court erred by summarily denying his section 1172.6 petition because the record of conviction does not conclusively refute his entitlement to resentencing relief.  We disagree.

The trial court must determine whether the petition states a prima facie case for relief — whether accepting the factual allegations as true, petitioner is entitled to relief.  (§ 1172.6, subd. (c).)  If the record conclusively establishes the petitioner is ineligible for relief — that "petitioner was the actual killer," or "the petitioner was not the actual killer, but, with the intent to kill, aided, abetted . . . the actual killer in the commission of murder in the first degree, [or] . . . the petitioner acted with malice aforethought that was not imputed based solely on participation in a crime" — the court may dismiss the petition.  (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)  The prima facie inquiry, however, is limited.  (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.)  Courts should not engage in fact-finding, such as by weighing evidence or assessing credibility.  (*Id*. at pp. 971–972.)  We independently review the denial of a resentencing petition at the prima facie stage.  (*People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238.)

The record of conviction conclusively establishes Charles both aided and abetted the actual killer in committing first degree murder and aided and abetted the attempted murder with malice aforethought, rendering him ineligible for relief under section 1172.6.  (*People v. Lopez, supra,* 78 Cal.App.5th at p. 14.)  The jury was not instructed on the natural and probable consequences or felony-murder doctrines.  Rather, the only first degree murder instruction provided to the jury concerned deliberate and premeditated murder.  (CALJIC No. 8.20.)  The jury found Charles guilty of first degree murder, which means it — consistent with CALJIC Nos. 8.10 and

8.20 — concluded the murder was willful, deliberate, and premeditated, with express malice aforethought. (*People v. Vargas* (2022) 84 Cal.App.5th 943, 953.) The jury necessarily concluded Charles "manifested an intention unlawfully to kill a human being," as described in CALJIC No. 8.11, defining malice aforethought. (*People v. Soto* (2018) 4 Cal.5th 968, 976 [the "primary difference between express malice and implied malice is that the former requires an intent to kill but the latter does not"].)

That the trial court instructed the jury with CALJIC No. 3.00 — principals are "equally guilty" regardless of the extent of their participation in the crime — and CALJIC No. 3.01 — pattern instruction on aiding and abetting — does not alter this conclusion. While the "equally guilty" language has been criticized and removed from pattern jury instructions, it "generally stated a correct rule of law." (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 433; *People v. Johnson* (2016) 62 Cal.4th 600, 638.) "A person who aids and abets the commission of a crime is culpable as a principal in that crime." (*People v. Gentile* (2020) 10 Cal.5th 830, 843.) Thus, accomplices are guilty of offenses perpetrated by another "if the accomplice aids the commission of that offense with 'knowledge of the direct perpetrator's unlawful intent and [with] an intent to assist in achieving those unlawful ends.'" (*Ibid.*)

Consistent with this rule, CALJIC No. 3.01 explained an aider and abettor must have "knowledge of the unlawful purpose of the perpetrator" and acted with the "intent or purpose of committing or encouraging or facilitating the commission of the crime." "The direct aider and abettor of murder, like the direct perpetrator, must act with malice." (*People v. Jenkins* (2021) 70 Cal.App.5th 924, 932.) The jury convicted Charles of first degree murder, meaning it necessarily determined the perpetrator — and

consequently any aider and abettor — intended to kill the victim. (*People v. Medrano* (2021) 68 Cal.App.5th 177, 186 [denying § 1172.6 resentencing relief where petitioner was convicted of first degree murder under a direct aiding and abetting theory — "he knew and shared the murderous intent of the actual perpetrator"]; *People v. Curiel* (2023) 15 Cal.5th 433, 462 ["direct aiding and abetting" is a valid theory of murder].) We discern no basis for inferring the jury convicted Charles of first degree murder under an imputed malice theory.

*People v. Langi* (2022) 73 Cal.App.5th 972 and *People v. Maldonado* (2023) 87 Cal.App.5th 1257 — addressing convictions that could be based on implied malice — do not assist Charles. (*People v. Coley* (2022) 77 Cal.App.5th 539, 547.) As explained in *Langi*, the second degree murder instruction "specified that the direct perpetrator of that crime need not act with the unlawful intent of causing death." (*Langi*, at p. 982.) "Since the perpetrator's purpose need not have been to kill the victim, the aider and abettor's knowledge of that purpose similarly need not have been knowledge that the perpetrator aimed to kill." (*Ibid*.) As such, the aiding and abetting instruction permitted a finding the defendant only intended to encourage an intentional act, regardless of an intent to aid or encourage the victim's killing, or whether the defendant "personally knew of and disregarded the risk of such a killing." (*Id*. at p. 983, fn. omitted.) Similarly, in *Maldonado*, the court determined the instructions given in that case — involving the aiding and abetting of a lying-in-wait murder — allowed the jury to convict the defendant of murder under a theory of imputed malice. (*Maldonado*, at p. 1267.) Specifically, the aider and abettor only had to intend to encourage a "surprise attack on the victim," not intend to kill. (*Id*. at pp. 1266–1267.) But here, there was no lying-in-wait instruction and, as

6

discussed above, Charles's first degree murder conviction, even under aider and abettor liability, was based on *express* rather than implied malice. Thus, Charles fails to establish a prima facie entitlement to resentencing on that conviction. (*People v. Lopez*, *supra*, 78 Cal.App.5th at p. 14.)

Charles's argument that his petition established a prima facie case for resentencing relief on his attempted murder conviction likewise fails to persuade. Specifically, he contends the premeditated murder instructions — requiring the "would-be slayer" to "weigh and consider the question of killing" — demonstrates the jury was only required to find the actual killer, not Charles, harbored malice. Not so. The jury was provided CALJIC Nos. 8.66 and 8.67, requiring a finding that the defendant "harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being," and the attempted murder "was preceded and accompanied by a clear, deliberate intent to kill" to be premeditated. True, the premeditated attempted murder instruction refers to the "would-be slayer," not the defendant, as weighing the question of killing. But as discussed above, the aiding and abetting instruction required a finding Charles acted with knowledge of the "unlawful purpose of the perpetrator," with the intent of committing or encouraging or facilitating the crime. (CALJIC No. 3.01.) Because the jury convicted Charles of attempted murder, it necessarily concluded any would-be "slayer" acted with express malice, Charles had knowledge of that intent to kill, he shared that intent, and engaged in conduct that assisted in achieving that crime. (*People v. Perez* (2005) 35 Cal.4th 1219, 1225.) The trial court did not err by denying resentencing on that count. (*People v. Coley*, *supra*, 77 Cal.App.5th at p. 548 ["[d]irect

7

aiding and abetting remains a valid theory of attempted murder" after Penal Code amendments].)[2]

## DISPOSITION

The order denying the section 1172.6 petition is affirmed.

---

[2] In light of this conclusion, we need not address the People's remaining arguments.

_____

RODRÍGUEZ, J.

WE CONCUR:


_____

TUCHER, P. J.


_____

PETROU, J.

A170300; *People v. Charles*

9